<u>Exhibit 1</u>

VIRGINIA: IN THE CIRCUIT COURT FOR THE CITY OF NEWPORT NEWS

**BRANDON HODGES**

Plaintiff

V.

Case No.: CL20013606F-15

**CHARLENE MORALES**
**4186 Winthrop Circle**
**Williamsburg, Virginia 23188**

Defendant

## COMPLAINT

COMES NOW the Plaintiff, Brandon Hodges (hereinafter "Hodges"), by counsel, and moves the Court for judgement against the Defendant, Charlene Morales (hereinafter "Morales"), in the amount of Two Hundred Fifty Thousand and 00/100 Dollars ($250,000.00), compensatory damages and Two Hundred Fifty Thousand and 00/100 Dollars ($250,000) punitive damages, with interest from August 18, 2016, and costs, all for the reasons stated below:

1. The Hodges family owns the real property located at 11706 Jefferson Avenue, Newport News, Virginia 23606 (the Property).

2. The building on the property is leased to the General Services Administration (GSA) for use as the Newport News, Virginia location of the Social Security Administration.

3. On August 18, 2018, Hodges was employed by the Hodges Family to manage the property under the terms for the lease with the GSA.

4. On August 18, 2016, Hodges went to the Property to meet a contractor, Pearls Flooring, to effectuate the installation of flooring as part of an ongoing renovation of the Property. Three employees of Pearls Flooring met Hodges at the property.

5. On this date, Hodges was admitted to the property by the security guards for the stated purpose.

6. On this date, Hodges was authorized to be on the premises and inside the building as he was a designated "acceptable worker" under the terms of the lease agreement.

7. Morales is the manager of the Newport News Virginia Social Security Office which is the occupant to the Property under the lease agreement with the GSA.

8. Upon entry to the building, Morales met Hodges, a co-worker William Surber, and three (3) employees of Pearl Flooring.

9. Morales was told of the reason for their entry to the premises including Hodges and she agreed to their entrance and to the purpose of their presence on the property and in the building.

10. Hodges and the others noted in #9 above proceeded to the "Construction Zone", an area and designated for renovation and divided from the rest of the building by a wall of plastic sheeting.

11. Hodges discussed the title installation with the employees of Pearl Tile.

12. Hodges was pulled out of the "construction zone" by security guards at the direction of Morales.

13. Hodges was told by the security officers that he had refused to leave the premises and was not permitted to be there.

14. Hodges was then forcefully shoved into a file cabinet by the security guards and told to put his hands on his head and they searched the pockets and patted down his person, all in the clear view of his coworker Surber and the three (3) employees of Pearl Tile.

15. The security guards told Hodges that they were directed by Morales to take this action as she stated that Hodges is not allowed on the premises.

16. Hodges was then placed in handcuffs and seated in a chair in front of everyone present at the facility.

17. Morales walked by Hodges while he was handcuffed and smiled at him out of derision.

18. Officer Shuttleworth threatened Hodges with detention in a federal detention center.

19. Hodges was then escorted to the office of Morales. Morales stated that she wanted Hodges out of her office and out of the building.

20. Officer Shuttleworth yelled at Hodges in a very elevated voice in front of SSA staff and customers. Officer Shuttleworth continued to berate Hodges and to threaten him to be taken to jail, continuing to say that Morales told him that Hodges has no right to be on the premises.

21. Morales continued to say neither Hodges or other workers were allowed on the premises.

22. Hodges was finally released from custody and the handcuffs removed. Hodges was then escorted from the premises by Officer Shuttleworth.

23. Officer Shuttleworth continued to threaten and berate Hodges telling him if he didn't leave the parking lot, he would be arrested.

24. Hodges approached his co-worker and Pearl Tile employees and apologized for the embarrassing situation they had just witnessed.

25. During this process, Morales personally and while acting outside of her authority, did slander Hodges by alleging that he had no legal right to be on the premises and should be detained and then having him removed from the premises. Morales' allegations were communicated to third parties. These words are actionable under the Virginia Insulting Words Statute Section 8.01-45 of the Code of Virginia of 1950, as amended and also constitute slander.

26. Morales did direct and cause the false arrest and detention of Hodges by security guards without any sufficient legal excuse therefore by words and acts which Hodges feared to disregard and by being slammed into a filing cabinet and handcuffed by security guards at her direction.

27. Morales intentionally inflicted emotional distress on Hodges by having him arrested, handcuffed when she knew that he was rightfully on the property.

28. Morales, at all times, acted intentionally to harm Hodges.

29. Morales acted in a grossly negligent manner, without any regard for the rights of Hodges.

30. Morales acted in a reckless manner, without any regard to the rights of Hodges.

31. Morales' actions at all times were outrageous and intolerable.

32. At all times, Morales acted with actual malice towards Hodges.

33. As a direct and proximate result of each of Morales' actions, Hodges suffered severe distress, humiliation, embarrassment, anxiety, and tension. He has sought and received medical treatment and has suffered physical and mental stress that has negatively affected his ability to function in his work and personal life.

34. Wherefore Hodges demands judgement against Morales in the amount of $250,000.00 compensatory damages and $250,000.00 punitive damages, with interest from August 18, 2016 and costs.

BRANDON HODGES

By: _____
Counsel

J. Vance Stallings, Esq.
VSB#: 35934
Montgomery, Kelley & McKinnon, PLC
5520 Foundation Street
Williamsburg, Virginia 23188
(757)229-8284 Telephone
(757)229-7537 Facsimile